UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dalton D. Guilford,                                              Case No. 3:26-cv-634

        Plaintiff,

    v.                                                         ORDER

Copper Beech Townhome
Communities Seventeen, LLC, et al.,

        Defendants.

On March 17, 2026, Plaintiff invoked this Court's diversity jurisdiction when filing this action.  (Doc. No. 1 at 3; Doc. No. 1-1 at 1).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute.  28 U.S.C. § 1332(a).  To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states.  28 U.S.C. § 1332(a)(1).  For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  And "a limited liability company has the citizenship of each of its members."  *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).  "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company.  And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well."  *Id.*

To establish Defendants' citizenships, Plaintiff states:

2.    Upon information and belief, Defendants Copper Beech Townhome Communities Seventeen, LLC and Copper Beech Townhome Communities Fifteen, LLC (collectively, "Copper Beech") are limited liability companies organized in the State of Delaware and licensed to do business in the State of Ohio.

3.    Upon information and belief, Defendant The Scion Group, LLC ("Scion Group") is a limited liability company incorporated in the State of Illinois and is licensed to do business in the State of Ohio.

4.    Upon information and belief, Defendant American Painting & Renovations, Inc. ("American Painting") is a corporation organized in Georgia and transacts business within the State of Ohio.

5.    Upon information and belief, Fernsler Hutchinson Architecture, LLC ("FH Architecture") is a limited liability company organized in Pennsylvania and licensed to do business in the State of Ohio.

(Doc. No. 1 at 2-3).  These jurisdictional allegations do not demonstrate the citizenship of any Defendant.  Therefore, I cannot conclude this Court's diversity jurisdiction was properly invoked.

To avoid dismissal of this action for lack of subject matter jurisdiction, Plaintiff shall supplement the Complaint by filing an affidavit of jurisdiction no later than June 30, 2026.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  In this affidavit, Plaintiff shall:

1.) Identify the principal place of business of Defendant American Painting & Renovations, Inc.;

2.) Identify all members and sub-members of each LLC Defendant, which "must be traced through however many layers of partners or members there may be," *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); and

3.) State jurisdictional allegations sufficient for me to determine the citizenship of every member and sub-member of each LLC Defendant (e.g., the domicile of individuals; the place of incorporation and principal place of business of corporations).

2

While I acknowledge that it remains Plaintiff's burden to establish this Court's diversity jurisdiction was properly invoked, I remind Defendants' counsel of this Court's expectation of collaboration and urge them to actively participate in acquiring the relevant facts required to determine appropriate jurisdiction so jurisdiction can be verified as soon as possible.

Relatedly, I grant Defendant Fernsler Hutchinson Architecture, LLC's unopposed request to extend its deadline to answer or otherwise respond to the Complaint to the extent that I stay the response deadline for all Defendants.  (Doc. No. 18).  After I have verified this Court has subject matter jurisdiction over this case, I will set a response deadline by further Order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge